IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL AARON JAYNE, | |
| Petitioner, | No. CIV S-06-1002 LKK KJM P |
| vs. | |
| DIRECTOR, CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al., | ORDER AND FINDINGS AND RECOMMENDATIONS |
| Respondents. | |

Petitioner is a state prison inmate proceeding pro se with a petition for a writ of habeas corpus under 28 U.S.C. § 2254, together with an application to proceed in forma pauperis.

Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit. Accordingly, the application to proceed in forma pauperis will be granted. See 28 U.S.C. § 1915(a).

I. The Habeas Petition

Petitioner raises two grounds in support of his habeas petition. First, he alleges that the Shasta County District Attorney's Office withheld exculpatory evidence during the plea negotiation process. Because petitioner may be entitled to relief if the claimed violation of constitutional rights is proved, respondents will be directed to file a response to this claim.

/////

Petitioner's second claim is that his guilty plea to felony vandalism is not valid because he was held to answer only for misdemeanor vandalism after the preliminary hearing, yet the prosecutor's office filed an information containing the felony vandalism charges. He claims that this is a violation of his right to due process of law.

The Supreme Court has held:

> [A] guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea.

Tollett v. Henderson, 411 U.S. 258, 267 (1973). It has further explained:

> . . .The point of these cases is that a counseled plea of guilty is an admission of factual guilt so reliable that, where voluntary and intelligent, it *quite validly* removes the issue of factual guilt from the case. In most cases, factual guilt is a sufficient basis for the State's imposition of punishment. A guilty plea, therefore, simply renders irrelevant those constitutional violations not logically inconsistent with the valid establishment of factual guilt and which do not stand in the way of conviction, if factual guilt is validly established.

Haring v. Prosise, 462 U.S. 306, 321 (1983) (emphasis in original; citation omitted).

There are two exceptions to this general rule. Claims that implicate "the very power of the State to bring the defendant into court to answer the charge brought against him" are cognizable in a habeas proceedings, as are those claims the state recognizes as surviving a guilty plea. Blackledge v. Perry, 417 U.S. 21, 30 (1974); Lefkowitz v. Newsome, 420 U.S. 283, 289 (1975). Claims that may be raised on collateral attack following a guilty plea include vindictive prosecution, a violation of the Double Jeopardy Clause, prosecution under an unconstitutional or unconstitutionally vague statute, and possibly selective prosecution, as well as claims that implicate the "'very power of the State' to accept [a] guilty plea . . . ." United States v. Garcia-Valenzuela, 232 F.3d 1003, 1006-07 (9th Cir. 2000). Petitioner's claim is not of this variety.

Moreover, it appears that California would not permit a post-plea challenge to the prosecutor's decision to file charges upon which a defendant was not held to answer at the preliminary hearing. As the California Supreme Court has recognized:

> When a magistrate declines to hold a defendant to answer on the ground that the evidence at the preliminary hearing did not establish probable cause to believe the defendant committed the charged offense, the ruling does not bar future prosecution.

People v. Wallace, 33 Cal.4th 738, 749 (2004). Because this claim is not cognizable, respondent will not be directed to respond to it.

II. Motion For Appointment Of Counsel

Petitioner has requested the appointment of counsel. There currently exists no absolute right to appointment of counsel in habeas proceedings. See Nevius v. Sumner, 105 F.3d 453, 460 (9th Cir. 1996). However, 18 U.S.C. § 3006A authorizes the appointment of counsel at any stage of the case "if the interests of justice so require." See Rule 8(c), Fed. R. Governing § 2254 Cases. In the present case, the court does not find that the interests of justice would be served by the appointment of counsel at the present time.

III. Motion For Discovery

On May 8, 2006, petitioner filed a motion for discovery. Because respondents have not yet appeared in the case, the motion is premature.

IT IS HEREBY ORDERED that:

1. Petitioner's motion to proceed in forma pauperis is granted;

2. Respondents are directed to file a response to the first claim of petitioner's habeas petition, alleging a violation of the prosecutor's duty to provide exculpatory information, within sixty days from the date of this order. See Rule 4, Fed. R. Governing § 2254 Cases. An answer shall be accompanied by all transcripts and other documents relevant to the issues presented in the petition. See Rule 5, Fed. R. Governing § 2254 Cases;

/////

3. If the response to the habeas petition is an answer, petitioner's reply, if any, shall be filed and served within thirty days after service of the answer;

4. If the response to the habeas petition is a motion, petitioner's opposition or statement of non-opposition to the motion shall be filed and served within thirty days after service of the motion, and respondents' reply, if any, shall be filed and served within fifteen days thereafter;

5. The Clerk of the Court shall serve a copy of this order together with a copy of the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on Michael Patrick Farrell, Senior Assistant Attorney General;

6. Petitioner's May 8, 2006 motion for appointment of counsel is denied without prejudice to a renewal of the motion at a later stage of the proceedings; and

7. Petitioner's May 8, 2006 motion for discovery is denied without prejudice to being renewed after respondents' have answered the petition.

IT IS HEREBY RECOMMENDED that the habeas petition be denied insofar as it alleges that the prosecution refiled charges upon which petitioner had not been held to answer at the preliminary hearing.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: December 1, 2006.

_____
U.S. MAGISTRATE JUDGE

2/mp; jayn1002.110